FILED
SUPERIOR COURT
OF GUAM

2024 FEB -2 PM 4:00

CLERK OF COURT

BY:_______

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                  Plaintiff,<br><br>vs.<br>**ADAM JORDAN SANTOS BORJA,**<br>DOB: 11/01/1993<br><br>                  Defendant. | Criminal Case No. CF0386-19<br>GPD Report No.: 19-18184<br><br>**DECISION AND ORDER**<br>(Revocation of Probation) |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on October 05, 2023, for a Revocation Hearing. Assistant Public Defender Stephen Hattori appeared for Adam Jordan Santos Borja ("Defendant"). Assistant Attorney General Leah Diaz-Aguon appeared for the People of Guam ("People"). Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following order **GRANTING** the People's request to revoke Defendant's probation.

Page 1 of 9

## BACKGROUND

On July 02, 2019, Defendant was indicted in CF0386-19 for Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Indictment, July 02, 2019.

On October 28, 2019, Defendant pled guilty to: Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Plea Agreement, October 28, 2019. Defendant was sentenced to three years of incarceration with credit for time served and placed on supervised probation for a period of five years with conditions after his release. *Id.* at 3. The conditions of Defendant's probation included:

- Defendant shall serve 150 hours of community service. *Id* at 4.

- Defendant shall attend two (2) recovery support group meetings per week for twelve (12) weeks after taking of Defendant's plea, for a total of 24 meetings, or as otherwise ordered by the Court. *Id* at 2.

- Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by Court after assessment at Guam Behavioral Health and Wellness Center and diligently report within seventy-two (72) hours from either Defendant's release from the Department of Corrections of Defendant's guilty plea, whichever is later. *Id.*

- Defendant shall report to Probation Services three times per week or as ordered by the Court. *Id.*

- Defendant shall not possess or consume any alcohol or illegal controlled substances. *Id.*

- Defendant shall obey all local and federal laws. *Id* at 3.

- Defendant was required to pay a fine of $5,000, plus court costs. *Id.*

Subsequently, Adult Probation Services ("Probation") filed thirteen violations against the Defendant for probation violations post-Plea Agreement. The following violations were filed:

1. On January 13, 2020, Probation filed a violation against the Defendant failure to refrain from ingesting/consuming illegal controlled substances. On November 26, 2019, the probationer was ordered by the Court to submit to a drug test at the Probation Office after Court, which yielded presumptive positive results for methamphetamines. The probationer challenged the results and his urine sample was sent for off-island confirmatory testing. On December 23, 2019 the Probation Office received confirmed results that the probationer's urine was positive for methamphetamine and amphetamine.

2. On May 22, 2020, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times a week. Probation records reflect that she last reported on May 13, 2020.

3. On January 6, 2021, Probation filed a violation against the Defendant for failure to report for drug testing. On January 7, 2021, the undersigned Probation Officer met with the probationer in person, at his residence, and instructed him to report to the Probation Office on January 08, 2021, before 1pm for a drug test. He failed to report for testing.

4. On June 4, 2021, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week. He last made contact with the Probation Office on February 1, 2021. Attempts to contact the probationer have been unsuccessful.

5. On March 31, 2022, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week. He has not reported since being released at the Department of Corrections on January 20, 2022. He last reported on February 01, 2021.

6. On September 15, 2022, Probation filed a violation against the Defendant to refrain from ingesting/consuming illegal controlled substances. On September 9, 2022, the Defendant reported to the Probation Office and was informed he will be drug tested. He waived the test and admitted to smoking "meth" on September 5, 2022, via written declaration.

7. On September 26, 2022, Probation filed a violation against the Defendant to refrain from ingesting/consuming illegal controlled substances. On September 22, 2022, the Defendant reported to the Probation Office and was informed he will be drug tested. He waived the test and admitted to smoking "meth" on September 22, 2022, via written declaration.

8. On October 3, 2022, Probation filed a violation against the Defendant to refrain from ingesting/consuming illegal controlled substances. On September 26, 2022, the Defendant reported to the Probation Office and, despite testing negative (faint line) for methamphetamine, the probationer admitted to smoking "ice" on September 29, 2022, via written declaration. On September 30, 2022, the Defendant reported to the Probation Office and was informed he will be drug tested. He waived the test and admitted to smoking "ice" on September 29, 2022.

9. On October 3, 2022, Probation filed a violation against the Defendant to refrain from ingesting/consuming illegal controlled substances. On October 4, 2022, the Defendant reported to the Probation Office and was informed he will be drug tested. Defendant declined to take the test and admitted to smoking "ice" on October 1, 2022.

10. On November 8, 2022, Probation filed a violation against the Defendant to refrain from ingesting/consuming illegal controlled substances. On November 4, 2022, the Defendant reported to the Probation Office and was informed he will be drug tested. Defendant declined to take the test and admitted to smoking "ice" on November 1, 2022.

11. On November 16, 2022, Probation filed a violation against the Defendant to refrain from ingesting/consuming illegal controlled substances. On November 10, 2022, the Defendant reported to the Probation Office and was informed he will be drug tested. Defendant declined to take the test and admitted to smoking "ice" on November 9, 2022.

12. On January 6, 2023, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week. Defendant failed to report to an appointment at New Beginnings on December 7, 2022, Defendant failed to attend twenty-four (24) "self-help" meetings. Defendant failed to make monthly payments to fine and court costs, and also filed to perform 150 hours of community service.

13. On June 14, 2023, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, after being released at the Department of Corrections on May 10, 2023, by Judge John C. Terlaje.

Additionally, four bench warrants were issued on October 30, 2020, November 14, 2022, March 29, 2023, and July 13, 2023.

The People then filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence on August 10, 2023. Defendant filed an Opposition to the Government's Motion to Revoke on September 21, 2023.

## DISCUSSION

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that may it have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal

defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

### A. Defendant violated his conditions of probation.

The standard for determining whether a probationer violated a condition of their probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of his probation on several occasions.

### B. Whether Defendant's violation of Probation warrants revocation.

The Supreme Court of the United States has stated that regarding probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time

for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983) (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant entered into the Plea Agreement in 2019 but has failed to make substantial progress towards completing his probation conditions. If Defendant were to benefit from probation, he would have made greater progress towards completing her treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to Probation and has been the subject of four bench warrants. Of even greater concern to the Court is the Defendant's inability to seek treatment and provide positive test results; despite his denial, Defendant is still ingesting methamphetamine and "ice" three years after entering the plea agreement. Such actions demonstrate that Defendant will not benefit from probation and should be remanded into custody.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's absence from reports frustrates the purpose of seeking recovery. Defendant was granted the opportunity, time, and support to comply with his conditions. Yet, Defendant deliberately avoids doing so.

Although Defendant's probationary period has not expired, he has made little progress on his probation conditions and has tested positive for drugs five times during the probation period. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's request to revoke Defendant's probation. Defendant's probation is hereby revoked and Defendant is sentenced to three (3) years of imprisonment at the Department of Corrections, Mangilao, with credit for time served. The Court orders the other terms of Defendant's Plea Agreement and Judgement of Conviction waived.

SO ORDERED, *Nunc Pro Tunc* to October 5, 2023, this _____ day of __JAN 3 1 2024_____, 2024.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an
original was emailed to:
AG S PDSO
Date: 2/2 Time: 420
Daisy Mae Osawa
Deputy Clerk, Superior Court of Guam